IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER HOUGH,<br>　　　　　　Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. |
| HEATH CONSULTANTS,<br>INCORPORATED,<br>　　　　　　Defendant | ) ) ) ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND OTHER RELIEF

AND NOW, this 30th day of September, 2019, comes WALTER HOUGH, Plaintiff above named, by and through his undersigned counsel, and files this Complaint, respectfully alleging the following:

### Jurisdiction

1.　Jurisdiction of this federal court is invoked pursuant to the Court's federal question jurisdiction, 29 U.S.C. Section 1331, Count One of this lawsuit being brought pursuant to the Age Discrimination in Employment Act, prohibiting employment discrimination on the basis of age.  Plaintiff brings as Count Two, a claim arising under Pennsylvania law, alleging a violation of the Pennsylvania Human Relations Act, prohibiting discrimination on the basis of age.

### Parties

2.　Plaintiff is Walter Hough, a male individual who resides at 113 Misty Meadow Road, Mount Pleasant, Westmoreland County, PA 15666; his date of birth is March 5, 1958.

3.　Defendant is Heath Consultants, Incorporated, a for-profit corporation with its corporate administrative headquarters at 9030 Monroe Road, Houston, TX 77061; at all times

1

material hereto, Defendant was an employer as defined in the Age Discrimination in Employment Act, as it had twenty or more employees, and was an employer as defined in the Pennsylvania Human Relations Act, as it had four or more employees.

## FACTS

4.    Plaintiff was employed continuously by Defendant for a period of approximately 6.5 consecutive years; his employment with Defendant began on or about November 7, 2011, and continued on until May 22, 2018, when he was notified that he was being terminated effective immediately.

5.    Defendant's business included consulting in the natural gas industry.

6.    At the time of his termination from employment by Defendant, Plaintiff's job position was Field Services Manager, responsible for the eastern portion of Defendant's Northeast Division, "Division 25".

7.    Plaintiff was responsible for 8-10 states at any given time, and traveled about eighty per cent (80%) of the time.

8.    For approximately 2.5 years Plaintiff was the only FSM for the entire Northeastern Division, consisting of 16 states.

9.    In January, 2018, Plaintiff was informed that Defendant was going to have two Field Service Managers in his region, rather than only one, and Defendant hired Aaron Lint as an FSM, allegedly because he had more utility line locating experience than Plaintiff had; contrary to this allegation, Plaintiff had considerable experience in this area..

10.    At the time of Plaintiff's termination, he had about forty years of management experience, and Plaintiff believes that Mr. Lint's relevant management experience was very limited.

11.     Plaintiff believes and therefore avers that after Defendant's termination of him, his duties have been performed by Mr. Lint, and that Mr. Lint was age 42 when he was hired by Defendant, only months before Plaintiff was terminated.

12.     Plaintiff's age at the time of his termination was 60.

13.     Plaintiff performed his job duties at least satisfactorily throughout his employment with Defendant, and received raises every year.

14.     Plaintiff received laudatory comments regarding his job performance.

15.     In 2015 the Division in which Plaintiff was the Field Services Manager, received a rare honor, the President's Award, largely because of Plaintiff's excellent performance and results.

16.     Plaintiff believes and therefore avers that he was the most tenured FSM in the entire company; there were anywhere from six to eight FSMs in the company.

17.     In the meeting on May 22, 2018, when Plaintiff was terminated, Ken Cowher, Vice President, SBU Operations, said there were no performance reasons for Plaintiff's termination, that he was terminated for "financial reasons", and that the company needed someone with utility line location experience; as stated above in paragraph 9, Plaintiff had utility line location experience.

18.     Plaintiff believes and therefore avers that his replacement, Aaron Lint, had lesser qualifications and relevant experience that he had; Plaintiff was required to train Mr. Lint.

19.     At a social dinner several years before he was terminated, Defendant's President asked him whether he had any plans to retire.

3

20.     In the entire time of his employment with Defendant, Plaintiff's attendance was outstanding, and he had no health problems that required him to miss work.

21.     Among Plaintiff's qualification, at the time of his termination, he had a Bachelor's Degree in Business from the University of Pittsburgh, and an MBA from Point Park University.

### AS AND FOR A FIRST CAUSE OF ACTION

(Age discrimination, in violation of the
Age Discrimination in Employment Act, ADEA)

22.     Plaintiff incorporates herein by reference, paragraphs 1-21 herein, as if the same were set forth fully herein.

23.     In terminating Plaintiff, Defendant was motivated by an intent to discriminate against him because of his age.

24.     By reason of the foregoing, Defendant has violated the Age Discrimination in Employment Act.

25.     In committing the actions referred to above, Defendant acted knowingly, willfully, intentionally, in bad faith, and with reckless disregard of the law, and Plaintiff is entitled to recover liquidated damages from Defendant, in an amount to be determined by a jury.

26.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") at EEOC Charge No. 533-2018-01857.

27.     All administrative prerequisites to the filing of this action have been satisfied; a notice of right to sue dated September 16, 2019, was mailed to Plaintiff by the EEOC and was received by Plaintiff shortly thereafter; this complaint is being filed within 90 days of Plaintiff's receipt of such notice.

4

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant him the following relief, following trial by a jury:

a.      The issuance of an injunction directing Defendant to restore to Plaintiff all benefits to which he would be entitled had he not been terminated, or in lieu of injunctive relief, Plaintiff demands the present value of the loss of benefits resulting from the termination of his employment;

b.      All back pay and other benefits to which he would be entitled, plus pre-judgment interest at the lawful rate on the liquidated amount;

c.      The issuance of a judgment declaring that the termination of Plaintiff from employment was in violation of his right to be free from age discrimination in employment, as guaranteed to him by the Age Discrimination in Employment Act;

d.      Reinstatement, or if reinstatement is not ordered by the Court, damages for the loss of front pay and benefits;

e.      Liquidated damages in an amount to be determined by a jury;

f.      Attorneys' fees and costs and expenses of litigation;

g.      A gross-up for adverse tax consequences in the event that an award or recovery is due and payable, or is actually paid, in one year;

h.      Such other and further relief as may be appropriate.

JURY TRIAL DEMANDED.

## AS AND FOR A SECOND CAUSE OF ACTION

(Age discrimination, in violation of the
Pennsylvania Human Relations Act)

5

28.   Plaintiff incorporates herein by reference, paragraphs 1-27 herein, as if the same were set forth fully herein.

29.   By reason of the foregoing, Defendant has violated the Pennsylvania Human Relations Act.

30.   As a direct and proximate result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, and pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses.

31.   As set forth above in the First Cause of Action, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"), and Plaintiff believes that his Charge was cross-filed by the EEOC with the Pennsylvania Human Relations Commission shortly after Plaintiff filed his Charge with the EEOC on July 9, 2018; all administrative prerequisites to the filing of this action have been satisfied, as the PHRC has had jurisdiction over Plaintiff's cross-filed complaint for over one year.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant him the following relief:

a.   The issuance of an injunction directing Defendant to restore to Plaintiff all benefits to which he would be entitled had he not been terminated, or in lieu of injunctive relief, Plaintiff demands the present value of the loss of benefits resulting from the termination of his employment;

6

b.      All back pay and other benefits to which he would be entitled, plus pre-judgment interest at the lawful rate on the liquidated amount;

c.      The issuance of a judgment declaring that the termination of Plaintiff from employment was in violation of his right to be free from age discrimination in employment, as guaranteed to him by the Pennsylvania Human Relations Act;

d.      Reinstatement, or if reinstatement is not ordered by the Court, damages for the loss of front pay and benefits;

e.      Compensatory damages;

f.      Attorneys' fees and costs and expenses of litigation;

g.      A gross-up for adverse tax consequences in the event that an award or recovery is due and payable, or is actually paid, in one year;

h.      Such other and further relief as may be appropriate.


s/James H. Logan
James H. Logan, Esq.
PA ID #10485
Logan & Logan
Suite 3201 Grant Bldg.
Pittsburgh, PA 15219
412-765-0983
Fax: 412-765-2781
EM: loganloganemp@yahoo.com
Attorney for Plaintiff

7